ELLEN SHAW BARLOW, Plaintiff, *v.* CHARLES L. CRAIG, as Comptroller of the City of New York, et al; and with Them Impleaded the Following Person as Having an Interest in the Subject Matter of This Action: THOMAS E. O'BRIEN, Defendants.

Supreme Court, New York Special Term, February, 1924.

**City of New York — police commissioner may detail member of force to act as superintendent of department buildings — Laws of 1923, chap. 624 — civil service — State Constitution, art. V, § 9.**

Where the police commissioner of the city of New York under the general power conferred upon him by statute (Laws of 1923, chap. 624) details a member of the uniformed police force, who already is holding his employment as the result of a competitive examination, to be superintendent of department buildings, such assignment carries with it increased compensation and may be revoked at any time.

While any statute contrary to the express mandates of the Constitution is clearly void, said statute of 1923 creating the office of such superintendent and providing for the selection of its incumbent without a competitive examination, does not violate article V, section 9, of the State Constitution, as the designee during his service as such superintendent remains a member of the police force.

MOTION for temporary injunction.

*H. Eliot Kaplan (A. Leo Everett,* of counsel), for motion.

*George P. Nicholson,* corporation counsel, opposed.

WAGNER, J. It is manifest from a reading of the text of the act (Laws of 1923, chap. 624) that the legislative purpose was to empower the police commissioner to detail a member of the uniformed force to " have supervision over the construction of new buildings and the alterations, repair and improvements of all department buildings, including the preparation of plans and specifications therefor, and supervision of the mechanical force of the police department." The authority vested is analogous to that which by law permits the commissioner to assign police captains to perform the duties of inspectors, with increased compensation, the duration of which is at the pleasure of the police commissioner. Greater N. Y. Charter, § 288. So here the special assignment of a member to be superintendent of buildings carries with it an increase of compensation and may be revoked at any time. The designee during the service remains a member of the force, with all the benefits and obligations of such membership. Nor is the creation of the office above mentioned, and providing for the selection of its incumbent without a competitive examination, in violation of article 5, section 9, of the State Constitution.

MATTER OF ELLEN E. BEARE. **519**

Misc. 519]    Surrogate's Court, New York County, February, 1924.

The Constitution undoubtedly commands that appointments and promotions in the civil service of the state and its civil divisions shall be made according to merit and fitness, to be ascertained so far as practicable by examinations, which as far as practicable shall be competitive. Any statute contrary to the express mandate of the Constitution obviously is void. In the instant case, however, no new appointment is created. Special duties merely may be revocably assigned to one already holding his employment as a result of a competitive examination. The duties to be performed by the superintendent of buildings are police administration duties. The commissioner under his general power of assignment probably has the authority to make the designation here involved. The special act, however, authorizes increased compensation. The motion for an injunction *pendente lite* is denied.

Ordered accordingly.